# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RODNEY HEWLETT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 5:13-cv-8055-SLB-SGC |
| ) | (5:93-cr-0137-SLB-SGC) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 16, 2014, recommending that this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"), be denied as time-barred. (Doc. 6). The parties were allowed an opportunity in which to file objections. No objections have been received from either party. The Motion challenged movant's 1993 conviction in light of the Supreme Court's 2013 opinion in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The magistrate judge concluded the Motion was time-barred because *Alleyne* does not apply retroactively to cases on collateral review under 28 U.S.C. § 2255(f)(3). (Doc. 6). Less than a week after the report and recommendation was entered, the Eleventh Circuit definitively held that *Alleyne* does not apply retroactively to save otherwise untimely habeas petitions. *Jeanty v. Warden, FCI-Miami,* No. 13-14931, 2014 WL 3673382, --- F.3d --- (11th Cir. July 22, 2014) (*"Alleyne* does not apply retroactively on collateral review . . . .").[1]

Having carefully reviewed and considered *de novo* all the materials in the file, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and her

---

[1] While the Eleventh Circuit had previously held that *Alleyne* was not retroactively applicable, *Jeanty* was the first published opinion to reach this conclusion.

recommendation is **ACCEPTED**.  Accordingly, the Motion is due to be **DENIED**.  A Final Judgment will be entered.

    **DONE** this  18th day of August, 2014.

*Sharon Lovelace Blackburn*
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE